IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| DENNIS JOEL IVEY, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| VS. | ) | Civ. No. 16-1008-JDT-egb |
| | ) | Crim. No. 05-10082-JDT |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

ORDER DENYING MOTION TO REOPEN CASE, DENYING CERTIFICATE OF
APPEALABILITY, CERTIFYING AN APPEAL WOULD NOT BE TAKEN IN GOOD
FAITH, AND DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

On January 13, 2016, the Movant, Dennis Joel Ivey, filed a motion pursuant to 28 U.S.C. § 2255, and the Sixth Circuit granted leave to file the motion as second or successive. *In re Ivey*, No. 16-6052 (6th Cir. Oct. 27, 2016). Ivey contended that his sentence under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 942(e), was invalid under *Johnson v. United States*, 135 S. Ct. 2551 (2015). He also argued that his conviction was invalid under *Alleyne v. United States*, 133 S. Ct. 2151 (2013). This Court subsequently found that Ivey was not entitled to relief under *Johnson*. Specifically, the Court concluded that even when his prior Tennessee convictions for aggravated burglary are disregarded in accordance with *Johnson* and *United States v. Stitt*, 860 F.3d 854, 860-61 (6th Cir. 2017) (en banc), Ivey's four Tennessee burglary convictions still qualify as predicate ACCA offenses. (ECF No. 11 at 3-4.) The Court also determined that his claim based on *Alleyne* was both untimely and without merit. (*Id.* at 5-6.) Plaintiff filed a notice of appeal, and the Sixth Circuit denied a certificate of appealability. *Ivey v. United States*, No. 17-6378 (6th Cir. Apr. 30, 2018).

On March 29, 2018, Ivey sent a letter to U.S. District Judge J. Daniel Breen, contending that the denial of his § 2255 motion was erroneous and asking that this case be reopened. (ECF No. 15.)[1] The Clerk docketed the letter as a motion to reopen the case, and the Court construes it as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

In the motion for relief from judgment, Ivey contends that his prior burglary convictions also cannot be counted as ACCA predicates. He argues the Tennessee burglary statute, Tenn. Code Ann. § 39-14-402, is broader than generic burglary because the definition of "enter" in the statute allows for conviction based on more than physical entry. Ivey further contends that three of his four burglary convictions occurred on the same day and thus were not "committed on occasions different from one another" as required by the ACCA. 18 U.S.C. § 924(e)(1). However, neither of these claims was raised in Ivey's § 2255 motion. His attempt to raise them now in his motion for relief from judgment is untimely under 28 U.S.C. § 2255(f).

Ivey's motion to reopen this case is DENIED. The Court again DENIES a certificate of appealability, CERTIFIES that an appeal by Ivey would not be taken in good faith, and DENIES leave to appeal *in forma pauperis*.

IT IS SO ORDERED.

    s/ **James D. Todd**
JAMES D. TODD
UNITED STATES DISTRICT JUDGE

---

[1] Ivey appears to have sent the letter to Judge Breen in the mistaken belief that he is still the Chief District Judge of this district. However, U.S. District Judge S. Thomas Anderson is currently the Chief District Judge. In any event, the position of Chief District Judge does not carry with it the authority to intervene in or issue substantive orders in cases that are assigned to another District Judge merely because a litigant is unhappy with a particular ruling.